1

2

3

4

5                         IN THE UNITED STATES DISTRICT COURT

6                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    ANTONIO RODRIGUEZ,                    )    No. C 09-3606 JSW (PR)
                                           )
9                  Petitioner,             )    **ORDER DENYING PETITION FOR**
                                           )    **WRIT OF HABEAS CORPUS AND**
10   vs.                                   )    **CERTIFICATE OF APPEALABILITY;**
                                           )    **DENYING MOTION TO DISMISS**
11   BEN CURRY, Warden,                    )
                                           )
12                 Respondent.             )
                                           )    (Docket No. 7)
13   _____ )

14

15         Petitioner, a prisoner of the State of California, filed this pro se petition for a writ

16   of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition challenges the decision by

17   the California Board of Parole Hearings ("Board") to deny him parole in 2007.[1]

18         Petitioner claims that his right to due process was violated because there was not

19   "some evidence" to support the denial of parole on the grounds that he would pose an

20   unreasonable risk of danger to the public if released.  The United States Supreme Court

21   has recently held that a California prisoner is entitled to only "minimal" procedural

22   protections in connection with a parole suitability determination.  *Swarthout v Cooke*, No

23   10-333, slip op. at 4-5 (U.S. Jan. 24, 2011).  Specifically, the Due Process Clause of the

24   Fourteenth Amendment to the U.S. Constitution only entitles a California prisoner to an

25   opportunity to be heard and a statement of the reasons why parole was denied.  *Id.* at 4-5.

26

27         [1]There is some ambiguity as to whether the petition also challenges a prior parole denial,
     in 2003.  However, Petitioner makes it clear in his opposition to the motion to dismiss that he is
28   only challenging the 2007 decision.

1  The parole hearing transcript makes it clear that Petitioner received an opportunity to be

2  heard and a statement of the reasons parole was denied.  The Constitution does not require

3  more.  *Id.* at 5.  The Court further explained that no Supreme Court case "supports

4  converting California's 'some evidence' rule into a substantive federal requirement."  *Id.*

5  It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule

6  of judicial review (a procedure beyond what the Constitution demands) was correctly

7  applied."  *Id.* at 6.  In light of the Supreme Court's determination that due process does

8  not require that there be any amount of evidence to support the parole denial, Petitioner's

9  claims challenging the sufficiency of such evidence do not present a valid basis for federal

10  habeas relief.

11  Petitioner also claims that the denial of parole violates his right to due process

12  because under California law, the factors for determining parole are the same factors used

13  to support a conviction for first-degree murder with special circumstances.  Petitioner

14  cites no authority holding that using similar factors in this manner violates due process.

15  Moreover, as explained above, the Supreme Court has held that all due process requires is

16  an opportunity to be heard and a statement of the reasons parole was denied, which

17  Petitioner received.

18  Petitioner also claims that the denial of parole effectively converted his conviction

19  from second-degree murder to first-degree murder.  While Petitioner was denied parole in

20  2003 and 2007, he had been eligible for parole after fifteen years, which would not be the

21  case if he was in prison for first-degree murder because first-degree murder carries a

22  sentence of death, life in prison without the possibility of parole, or twenty-five years to

23  life.  As Petitioner's sentence has not been changed by the Board's decision, his claims

24  premised upon such a contention are without merit.

25  Petitioner claims that the Board violated his plea bargain by denying parole.  The

26  plea bargain called for a sentence of fifteen years to life, and that is what Petitioner received.  A

27  sentence of fifteen years to life does not guarantee *release* from prison after fifteen years,

28

1  or indeed upon reaching the Minimum Eligible Parole Date.  It only guarantees *eligibility*

2  for parole as of that date.  There is no contention that Petitioner is not receiving the

3  consideration for parole to which his sentence of fifteen years-to-life entitles him.

4  Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

5        For the reasons discussed, the petition for a writ of habeas corpus is DENIED.  In

6  light of this conclusion, Respondent's motion to dismiss the petition (docket number 7) is

7  DENIED as moot.

8        Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court

9  to rule on whether a Petitioner is entitled to a certificate of appealability in the same order

10  in which the petition is decided.  Petitioner has failed to make a substantial showing that

11  his claims amounted to a denial of his constitutional rights or demonstrate that a

12  reasonable jurist would find this Court's denial of his claim debatable or wrong.  *Slack v.*

13  *McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is

14  warranted in this case.

15        The Clerk shall enter judgment and close the file.

16        IT IS SO ORDERED.

17  DATED: <u>February 25, 2011</u>

18                     JEFFREY S. WHITE
                   United States District Judge

19

20

21

22

23

24

25

26

27

28